**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1130

MARY OLUSOLA OWENS,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-088-587)

Submitted:  October 19, 2005        Decided:  December 1, 2005

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mary Olusola Owens, a native and citizen of the Gambia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[*] The Board affirmed the ruling of the immigration judge without opinion. Owens contends on appeal that her evidence was sufficient to support her applications for relief.

To obtain reversal of a determination denying eligibility for asylum, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quotation marks and citations omitted). We have reviewed the evidence of record and conclude that Owens fails to show that the evidence compels a contrary result.

---

[*] Owens's brief contains only a short reference to the CAT, obviously taken from the facts of another case and included by error. Therefore, we find that any claim as to the denial of CAT protection is waived. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Nor can Owens show that she was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>